UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| REIDAR M. JULIUSSEN, JR. : | **ANSWER, AFFIRMATIVE DEFENSES,** |
| : | **AND COUNTERCLAIM** |
| Plaintiff : | |
| : | DOCKET NO.:  08 CIV. 1463 (WCC) |
| V. : | |
| : | |
| BUCHANAN MARINE, L.P. : | APRIL 11, 2008 |
| : | |
| Defendant : | |

_____

1. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 1, and therefore leaves the plaintiff to his proof.

2. The allegations contained in paragraph 2 are denied, except the defendant admits that its address is 39 Ferry Street, New Haven, Connecticut.

3. This paragraph states a legal conclusion and thus, no answer is provided.

4. The allegations contained in paragraph 4 are admitted, except that the defendant denies owning the referenced tugboat.

5. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 5, and therefore leaves the plaintiff to his proof.

6. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 6, and therefore leaves the plaintiff to his proof.

**COUNT I**

7. The answers to paragraphs 1 through 6 above are incorporated and made the answers hereto.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

12451.0022
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

8.    This paragraph states a legal conclusion and thus, no answer is provided.

9.    The allegations contained in paragraph 9 are denied.

10.   The defendant denies any negligent acts or omissions; the defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 10, and therefore leaves the plaintiff to his proof.

**COUNT II**

11.   The answers to paragraphs 1 through 10 above are incorporated and made the answers hereto.

12.   This paragraph states a legal conclusion and thus, no answer is provided.

13.   The allegations contained in paragraph 13 are denied.

## BY WAY OF AFFIRMATIVE DEFENSE

### First Defense

The fault, neglect, want of care, and inattention to duty by the plaintiff in causing the incident giving rise to this action constitute violations of the primary duty doctrine, barring the plaintiff from recovery against this defendant as his employer for any resulting injuries or damages.

### Second Defense

If the plaintiff sustained injuries and/or illnesses as alleged in the Complaint, said injuries and/or illnesses were caused in whole or in part by his own negligence, which injuries were not caused or contributed to in any manner by the conduct of the defendant.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### Third Defense

The injuries and/or illness of the plaintiff, if any, arose out of certain risks, dangers, and hazards, all of which were open, obvious, and well known to the plaintiff at and before the time of said injuries and/or said illnesses were sustained, and all of said risks, dangers, and hazards have been assumed by the plaintiff herein.

### Fourth Defense

Upon information and belief, the plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and disabilities from which he allegedly suffered.

### Fifth Defense

Any recovery by the plaintiff must be reduced by collateral source payments.

### Sixth Defense

If the defendant was ever on notice of any hazard or defect for which the plaintiff seeks relief, which the defendant expressly denies, the plaintiff also had such notice and is therefore barred from recovery.

WHEREFORE, defendant demands judgment dismissing the plaintiff's Complaint with prejudice; that it be awarded costs of suit, attorneys' fees and disbursements as against the plaintiff; and further that it be granted such other and further relief as the pursuits of justice so require.

### BY WAY OF COUNTERCLAIM

1. At all times material hereto, the defendant / counterclaim plaintiff, Buchanan Marine, L.P. ("Buchanan Marine"), was and is a limited partnership organized and existing under and by virtue of the laws in the State of Delaware.

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2.  Based on information and belief, at all times mentioned herein plaintiff/counterclaim defendant, Reidar M. Juliussen ("Juliussen") was and is a citizen of the State of New York who presently resides in Harpursville, New York.

3.  On March 27, 2005 and for numerous years before, Juliussen was employed by Buchanan Marine as a deckhand and then a Mate on various vessels, including the tugboat Buchanan One.

4.  On March 27, 2005 and for numerous years before, Juliussen regularly used the stairs in the Buchanan One, stairs which are the subject of his Complaint.

5.  Under general maritime law and Buchanan Marine's vessel policy manual Juliussen, as Mate on the Buchanan One, had a duty to ensure and was responsible for the safety and seaworthiness of the Buchanan One, including the subject stairway.

6.  To the extent the Buchanan One was unsafe or unseaworthy on March 27, 2005, which allegations are denied, Juliussen knew or should have known of these conditions, was responsible for correcting the conditions alleged, and did nothing about them, thereby breaching his duty to ensure the Buchanan One was safe and seaworthy.

7.  If Juliussen incurred damages for the reasons alleged in his Complaint, which Buchanan Marine denies, such damages were directly and proximately caused by Juliussen's own negligence rather than by any wrongdoing with which Buchanan Marine may be charged.

8.  Buchanan Marine had no reason to know that Juliussen would perform his duties in a negligent manner, had no reason to anticipate his negligence, and could

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

reasonably rely on Juliussen not to be negligent in fulfilling his duties as Mate on the Buchanan One.

9.  Accordingly, if Buchanan Marine incurs costs and expenses as result of Juliussen's claims for negligence and unseaworthiness, all of which Buchanan Marine denies, Buchanan Marine is entitled to indemnification from Juliussen for all said costs because they are the result of Juliussen's own active and primary negligence.

Dated:   Hartford, Connecticut
         April 11, 2008

                                        HALLORAN & SAGE LLP


                                        By_____/s/_____
                                           Carl R. Ficks, Jr.  (CF3647)
                                           Attorneys for the Defendant/
                                            Counterclaim Plaintiff
                                           Buchanan Marine, L.P.
                                           Email: ficks@halloran-sage.com


**CERTIFICATION**

I hereby certify that on April 11, 2008, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following counsel of record:

**For plaintiff**
Michael R. Wright, Esq.
Levene, Gouldin & Thompson, LLP
450 Plaza Drive
Vestal, NY  13850

                                        _____/s/_____
                                        Carl R. Ficks, Jr.

1141500_1.DOC



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105